UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| BRIDGEWATER PRODUCTS, INC. and CO-PATENT OWNERS US 6,889,615,<br><br>    Plaintiffs,<br><br>v.<br><br>PENSKE TRUCK LEASING, DETROIT DIESEL CORP., STATE OF MICHIGAN, and UNITED STATES GOVERNMENT,<br><br>    Defendants. | Case No. 21-12578<br>Honorable Laurie J. Michelson |

**ORDER DISMISSING CASE FOR FILING FEE DEFICIENCY OR, ALTERNATIVELY, UNDER 19 U.S.C. § 1915(e)**

This case filed by Bridgewater Products, Inc. and Co-Patent Owners U.S. 6,889,615 in 2021 apparently relates to a lawsuit filed by Paul Bridgewater in 2005. In that case, Paul Bridgewater sued his former employer, the City of Detroit, for violating federal employment laws and Michigan's Whistleblower Protection Act. Paul Bridgewater is one of the named inventors of the '615 patent and may be an owner or operator of Bridgewater Products. As explained below, the Court is required to dismiss this case for at least two reasons.

*One*. The first reason is based on the fact that two entities, rather than a natural person, have filed this lawsuit. As stated, the two named plaintiffs in this case are Bridgewater Products and Co-Patent Owners U.S. 6,889,615. But no filing fee has been paid. And while Co-Patent Owners U.S. 6,889,615 has asked to proceed

in forma pauperis (ECF No. 3), the in forma pauperis statute, 28 U.S.C. § 1915, covers only natural persons, *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 196 (1993). Additionally, corporations must be represented by an attorney, *id.* at 201–02, and there is nothing in the filings indicating that Paul Bridgewater is an attorney. Accordingly, to the extent that Bridgewater Products and Co-Patent Owners U.S. 6,889,615 are the true plaintiffs in this action, this case must be dismissed because no filing fee has been paid and because the two entities lack legal counsel.

*Two*. Now assume for the sake of argument that this Court could ignore those defects, could treat Paul Bridgewater as the true plaintiff (he did sign the complaint and is a named inventor on the '615 patent), and could grant him the right to proceed in forma pauperis. Even under this set of assumptions, the case is subject to dismissal. If this Court were to grant Bridgewater the right to proceed in this case without prepaying the filing fee, it would have to decide whether the complaint states a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii). And here, the complaint does not meet this standard.

The complaint contains a lot of law but not a lot of facts. Bridgewater alleges that the United States is liable for (1) not investigating as required by 31 U.S.C. § 3729–3730 (False Claims Act provisions), (2) failing to appear on behalf of the Department of Labor as required by 29 U.S.C. § 660 and failing to investigate within the 90-day limit, (3) failing to restrain violations under 15 U.S.C. § 9 (an antitrust provision) when Bridgewater was discharged for exposing false claims, which then

2

led to him losing income and his career, and (4) prohibiting the prosecution and maintenance of patent applications. (*See e.g.*, ECF No. 1, PageID.8.) (The first three points may relate to Paul Bridgewater's 2005 lawsuit.) Bridgewater also alleges that "defendant" violated antitrust laws. (*Id.*) The complaint also alleges that the United States, the State of Florida, and the State of Michigan "in restraint of trade or commerce . . . transfer[red] plaintiff's complaints from federal jurisdiction to state jurisdiction." (*Id.*) (This also apparently relates to Paul Bridgewater's 2005 case.) Bridgewater also says that while he has "consistently sought resolution of the whistleblower claim and antitrust claim," "the instant claim is a Tort against the United States Department of Justice, Office of USAG." (ECF No. 1, PageID.2.)

In addition to the United States, Bridgewater also named Penske Truck Leasing, Detroit Diesel Corporation, and the State of Michigan as defendants. (ECF No. 1, PageID.1.) But the complaint does not state what Penske Truck Leasing or Detroit Diesel Corporation allegedly did wrong, and it appears that the only reference to the State of Michigan is the allegation about transferring Bridgewater's complaints from federal to state jurisdiction.

As far as relief, Bridgewater asks that all patents disclosed to the U.S. Patent and Trademark Office be reissued. (*Id.*) He also asks for judgment under 15 U.S.C. § 1–15 (antitrust laws) and 31 U.S.C. § 3730 (False Claims Act) against the United States Department of Justice "for damages equivalent to Front Pay in the case 05-70416-EDMI or 07-61540-FLSD where the USAG failed to appear." (ECF No. 1, PageID.9.)

3

The two case numbers cited by Bridgewater relate to cases he filed more than 15 years ago. Case number 05-70416-EDMI refers to a suit Bridgewater filed against his former employer, the City of Detroit, in the Eastern District of Michigan. *Bridgewater v. City of Detroit*, No. 05-70416 (E.D. Mich. filed Feb. 3, 2005). According to the order dismissing the case, Bridgewater had worked as the general manger for the City's Transportation Department and claimed that the City violated the Americans with Disabilities Act, Title VII, the Occupational Safety and Health Act, and Michigan's Whistleblower Protection Act (among other laws). *See Bridgewater v. City of Detroit*, No. 05-70416, slip op. 1–2, 7 (E.D. Mich. Mar. 31, 2005). The second case number, 07-61540-FLSD, refers to a complaint Bridgewater filed in the Southern District of Florida, which, at least in part, was really an effort to have his Michigan case transferred to Florida. *See Bridgewater v. City of Detroit*, No. 07-61540 (S.D. Fla. filed Oct. 26, 2007).

Along with the complaint in this case, Bridgewater also filed a one-page motion for summary judgment. (ECF No. 2.) There, Bridgewater asks for judgment against Daimler AG, Detroit Diesel Corp, and Siemens AG under 31 U.S.C. § 3730 (a qui tam provision of the False Claims Act). (ECF No. 2, PageID.12.) He claims that these companies made false claims to the United States and that they interfered with a whistleblower-protection-act claim "by removing [Detroit's] Director of Transportation and blocking interrogatories." (*Id.*)

Having reviewed Bridgewater's complaint, his summary-judgment motion, and the orders dismissing the Michigan and Florida cases, this Court cannot discern

4

a viable legal claim in this case. It appears that Bridgewater believes that the United States or the U.S. Attorney General should have done more than it did with respect to his 2005 case. Perhaps this relates to administrative proceedings that Bridgewater had before the U.S. Equal Employment Opportunity Commission or the Occupational Safety and Health Administration leading up to the 2005 case. It also appears that Bridgewater believes that Daimler AG, Detroit Diesel Corp, and Siemens AG violated the False Claims Act, but it is not at all clear how these entities did so. And among these three entities, the complaint only names Detroit Diesel as a defendant. (*See* ECF No. 1, PageID.1.) The allegations about patents may relate to another case where Co-Patent Owners 6,889,615 was a plaintiff and the United States Government was a defendant, *see Southern University Alumni Federation v. United States Government*, No. 08-cv-13016 (E.D. Mich. filed July 14, 2008), but it is not clear how the matters relate.

In short, the complaint lacks "factual content" that would allow the Court "to draw the reasonable inference that the defendant[s] [are] liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (providing that *Iqbal* also applies to a § 1915(e)(2)(B)(ii) screening). Accordingly, even assuming that the true plaintiff in this case is Bridgewater, and that it is Bridgewater who seeks in forma pauperis status, this case would still be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii) for failing to state a claim upon which relief may be granted.

5

\* \* \*

For the reasons given, this case is DISMISSED WITHOUT PREJUDICE.

The Court further notes that Bridgewater's cases often have many motions or other filings by Bridgewater that do not follow the typical course of litigation (e.g., the summary-judgment motion filed with this complaint in this case). Bridgewater is warned that multiple, meritless filings may result in this Court restricting Bridgewater's ability to docket materials (by, for instance, requiring Bridgewater to first seek permission before docketing).

SO ORDERED.

Dated: February 18, 2022

                                              s/Laurie J. Michelson
                                              LAURIE J. MICHELSON
                                              UNITED STATES DISTRICT JUDGE